Onzie TRAVIS,

v.

**Vivian T. MILLER, Susan Carmody, (individually and in their official capacity), Hon. Arnold New, Hon. Barbara Joseph, Hon. Tama Myers–Clark, Hon. Bonavitacola, Esq., Catherine Marshall, Esq., Leon O. Dark, Janet Fasy Dowds, Jay Pensak, Carmen Lineberger, Esq., and Gerald M. Alston, Esq.**

No. 99–CV–987.

United States District Court,
E.D. Pennsylvania.

Sept. 27, 2002.

**664**

Onzie Travis, Philadelphia, PA, pro se.

Kristine Freylene Collens, Mary Elizabeth Butler, City of Philadelphia Law Dept. Philadelphia, PA, Carl L. Leventhal, Assist. Dist. Atty., Philadelphia, PA, for defendants.

### *EXPLANATION AND ORDER*

ANITA B. BRODY, District Judge.

On February 25, 1999, the plaintiff Onzie Travis ("Travis") commenced this action and filed an application to this court to proceed in this action *in forma pauperis.* On July 19, 2001 Travis filed an Amended Supplemental Complaint against: the Honorable Barbara A. Josephs, the Honorable

1. Leon O. Dark, Jay Pensak, and Gerald Alston have not moved to dismiss Travis' claims. Because lack of subject matter jurisdiction may be raised at any time by the court *sua sponte,* I consider Travis' claims against all of the defendants in this Explanation and Order. *See Employers Ins. Of Wausau v.*

Arnold L. New, the Honorable Alex Bonavitacola, and the Honorable Tama Myers–Clark ("the Judicial Defendants"); Assistant District Attorney Catherine Marshall and Assistant District Attorney Carmen Lineberger ("the ADA Defendants"); Vivian T. Miller and Susan Carmody ("the Court Defendants"); Janet Fasy Dowds, Leon O. Dark, and Jay Pensak ("the Reporter Defendants"); and Gerald M. Alston, the attorney who represented Travis in his criminal trial. Travis' Amended Supplemental Complaint claims that the defendants engaged in misconduct relating to the handling of transcripts from his criminal drug trial in the Philadelphia Court of Common Pleas, precluding an effective appeal of his conviction. Am. Supp. Comp. at ¶¶ 90–102.

Before me are the motions of the defendants to dismiss Travis' *pro se* Amended Supplemental Complaint pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.[1] I will dismiss Travis' claims for money damages against the Judicial Defendants as barred by the doctrine of absolute judicial immunity. I will dismiss Travis' federal claims against all of the defendants for lack of subject matter jurisdiction. Because the court lacks subject matter jurisdiction over Travis' federal claims, I decline to exercise supplemental jurisdiction over his state law claims and remand the state law claims to the state court.

### I. Background

The following facts are taken from Travis' Amended Supplemental Complaint and from the relevant court proceedings of which I take judicial notice.[2] They are

*Crown Cork & Seal Co., Inc.,* 905 F.2d 42, 45 (3d Cir.1990).

2. On a motion to dismiss, I may take judicial notice of matters of public record outside the pleadings, like court proceedings. *Kennedy v. Borough of South Coatesville,* No. 98–CV–

presented in the light most favorable to the plaintiff, the non-moving party.

In November of 1995, a jury of the Philadelphia Court of Common Pleas convicted Travis for delivery of a controlled substance. *Id.* at ¶ 11. On December 14, 1995, Travis requested the transcripts of his trial in the Court of Common Pleas. *Id.* at ¶ 14. Travis filed a 1925(b) statement,[3] claiming that the jurors in his trial were biased and that corrective instructions given to the jurors were inadequate to cure the prejudice because the witnesses involved were all policemen. *Id.* at ¶ 15. In the same statement, Travis reiterated his request for transcripts. *Id.* On December 18, 1995, Travis filed a timely *pro se* notice of appeal with the Pennsylvania Superior Court. On May 15, 1996, Travis supplemented his 1925(b) statement, reserving the right to raise further issues after his transcripts were made available to him. *Id.* at ¶ 16. Shortly thereafter, Travis informed the Superior Court that he had not received the requested transcripts. *Id.* at ¶ 17. Nevertheless, on August 27, 1996 the Superior Court dismissed Travis' appeal for failure to file a brief. *Id.* at ¶ 19. The Supreme Court of Pennsylvania denied *allocatur* on April 28, 1997. *Id.* at ¶ 22. On July 7, 1997, Travis' *habeas corpus* petition to this

court was dismissed for his failure to exhaust his state remedies.[4] *Id.* at ¶ 23. On January 26, 1998, the Court of Appeals for the Third Circuit denied Travis' certificate of appealability. *Id.* at ¶ 24.

On March 17, 1998, Travis filed a *pro se* petition in the Court of Common Pleas for relief under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et. seq.* ("PCRA"). *Id.* at ¶ 25. On June 22, 1998, Travis wrote to Judge Alex Bonavitacola, claiming that the transcripts of his plea withdrawal and *voir dire* were being deliberately withheld.[5] *Id.* at ¶ 27. From July 1, 1998 through June 1999 Travis made repeated requests for his transcripts to the Judicial Defendants, the ADA Defendants, the Court Defendants, and the Reporter Defendants. *Id.* ¶¶ 28–70. On April 13, 1999, the PCRA court reinstated Travis' direct appeal rights *nunc pro tunc.*

On June 25, 1999, Travis submitted motions to the Superior Court to "remand for correction of the certified record, furnish his transcripts, and defer the briefing schedule." *Id.* at ¶ 50. On July 20, 1999 the Superior Court ordered the Commonwealth of Pennsylvania to provide Travis with copies of the requested documents relevant to his appeal. *Id.* at ¶ 51. On July 26, 1999, Travis claims that he received partial transcripts, but that they

6558, 1999 WL 455702, at *1 (E.D.Pa. June 25, 1999).

**3.** It is not clear from the face of Travis' Amended Supplemental Complaint what particular rule he is referring to, but, given the context, it is likely that he means Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure which provides:

The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of

all objections to the order, ruling or other matter complained of.

42 Pa. Cons.Stat.Ann. § 1925 (2002).

**4.** Travis does not state in his Amended Supplemental Complaint when he filed his *habeas corpus* petition.

**5.** Throughout his complaint, Travis claims that transcripts of his plea withdrawal and *voir dire* proceedings were "deliberately withheld" and "falsified." Am. Supp. Comp. at ¶¶ 27–90. Travis further claims that these transcripts support his claim that jurors in his criminal trial were biased against him and in favor of police officers. Am. Supp. Comp. at ¶ 15.

had been falsified. *Id.* at ¶ 52. On July 29, 1999, Travis filed objections with the Superior Court regarding the alleged inaccuracy of his transcripts. *Id.* at ¶ 53. On August 20, 1999, Travis filed a motion with the Superior Court requesting that it enforce its previous order to the Commonwealth to provide Travis with his remaining transcripts. *Id.* at ¶ 58.

Travis continued his efforts to obtain his transcripts from August of 1999 through March of 2001. *Id.* at ¶¶ 59–77. For example, on November 9, 2000, he wrote to the Administrative Office of the Pennsylvania Courts to complain about the defendants' refusal to furnish his transcripts. *Id.* at ¶ 72. On February 27, 2001, Travis received a reply from the Administrative Office of the Pennsylvania Courts, informing him that his transcripts were being reconstructed. *Id.* at ¶ 77. On March 2, 2001, the Superior Court issued another order directing the trial court to advise it regarding whether Travis had received his transcripts or whether they were even available. *Id.* at ¶ 78.

By order dated March 12, 2001, the Court of Common Pleas of Philadelphia County determined that while transcripts of the plea withdrawal proceedings were made available to Travis, the *voir dire* transcripts from Travis' trial were not transcribed. (Order of March 12, 2001). On April 3, 2001, the Court of Common Pleas denied the plaintiff's outstanding motion to correct the record, stating that: "Defendants' [sic] motion is based upon inconsistencies of the testimony and not upon any valid claims of deliberate or accidental omission or addition. A fair reading of the transcript indicates defendants' [sic] arguments are inconsistent with the entire transcript." (Order of April 3, 2001). In a footnote, the court added that: "Even if this court found error in the transcript as alleged by defendant, those errors would not be material to the out-come of this case or any issues alleged by defendant in his brief." *Id.*

On January 3, 2002 the Superior Court of Pennsylvania affirmed the judgment of Travis' sentence entered by the trial court. *Commonwealth of Pennsylvania v. Travis,* No. 1510 EDA 1999 (Pa.Super. January 3, 2002). Among others, the Superior Court reviewed a number of issues concerning the transcripts relevant to Travis' appeal. *See* id. at 4–5. The Superior Court determined that the issues raised by Travis stemming from the unavailability of the relevant transcripts "are without merit and Appellant therefore has not been prejudiced by the delay in this matter." *Id.* at 7–8. Moreover, the court upheld the trial court's finding that Travis' objections to the alleged falsifications and inaccuracies in the transcripts "were not valid" and "would not be material to the outcome of this case or any issues alleged by the defendant." *Id.* On July 2, 2002 the Supreme Court of Pennsylvania denied *allocatur. Commonwealth of Pennsylvania v. Travis,* 805 A.2d 523 (Pa.2002).

Travis brought this action pursuant to 42 U.S.C. § 1983, § 1985(2), (3), and § 1986 on February 25, 1999 and filed his Amended Supplemental Complaint on July 19, 2001. The crux of Travis' allegations is that the defendants conspired to violate his constitutional rights by deliberately denying him access to his transcripts and falsifying the transcripts, thus precluding effective appellate review of his conviction for delivery of a controlled substance. More specifically, Travis alleges that the actions and inactions of the Judicial Defendants, the ADA Defendants, the Court Defendants, the Reporter Defendants, and Gerald Alston deprived him of his rights to due process, equal protection, compulsory process, and access to the courts under the First, Sixth and Fourteenth Amendments to the United States Constitution. Am. Supp. Comp. at ¶¶ 90–102. Based on the

same facts, Travis also advances state claims for intentional infliction of emotional distress and malicious abuse of process against all of the defendants. *Id.* In addition, he alleges false imprisonment against Fasy Dowds and the Court Defendants. *Id.* Travis also seeks declaratory relief as well as compensatory and punitive damages for both the alleged constitutional violations and the state law tort claims. Am. Supp. Comp. at 15–17.

## II. Discussion

### A. Absolute Immunity for the Judicial Defendants

■ The Judicial Defendants enjoy absolute immunity against suits for monetary damages regarding their judicial acts. *Stump v. Sparkman,* 435 U.S. 349, 356, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judges enjoy absolute immunity even when there are charges that the judge acted maliciously; it exists "however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Bradley v. Fisher,* 13 Wall. 335, 80 U.S. 335, 347, 20 L.Ed. 646 (1871). The immunity extends to judicial tasks, not to administrative or executive ones. *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

The plaintiff does not allege that the Judicial Defendants acted or failed to act outside of their judicial function. Accordingly, Travis' federal and state law claims for money damages against the Judicial Defendants are barred.

### B. Rooker–Feldman Doctrine

■ A federal district court has limited subject matter jurisdiction. *See Employers Ins. of Wausau v. Crown Cork & Seal Co., Inc.,* 905 F.2d 42, 45 (3rd Cir.1990); *see also Liakakos v. CIGNA Corp.,* 704 F.Supp. 583, 584 n. 1 (E.D.Pa.1988). The plaintiff has the burden of proving that jurisdiction exists. *See Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977). A Rule 12(b)(1) challenge may be either a factual or facial challenge to the complaint. *See Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir.1977). In the case of a factual challenge, the court is free to consider and weigh evidence outside the pleadings to resolve factual issues bearing on jurisdiction and to satisfy itself as to the existence of its power to hear the case. *See id.*

Under the *Rooker–Feldman* doctrine, a federal district court does not have subject matter jurisdiction over challenges to state court decisions. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). A federal claim is an impermissible challenge to a state court decision under the *Rooker–Feldman* doctrine when entertaining the federal claim would be equivalent to an appellate review of the state court order. *See FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996). The Third Circuit explained that "federal district courts lack subject matter jurisdiction to review final adjudications of a state's highest court or to evaluate constitutional claims that are 'inextricably intertwined with the state court's [decision] in a judicial proceeding.'" The *Rooker–Feldman* doctrine also applies to final decisions of lower state courts. *See Port Authority Police Benevolent Assoc. v. Port Authority of New York and New Jersey Police Dept.,* 973 F.2d 169, 177–78 (3d Cir.1992). *Blake v. Papadakos,* 953 F.2d 68, 71 (3d Cir.1992) (quoting *Feldman,* 460 U.S. at 483 n. 16, 103 S.Ct. 1303).[6] Additionally, the doctrine ap-

---

6. In analyzing whether a federal claim is inextricably intertwined with a state court adjudication, the Third Circuit, in *Centifanti v. Nix,* 865 F.2d 1422 (3d Cir.1989), quoting

plies not only to claims that were actually adjudicated in state court, but also to claims that could have been raised in state court. *See Valenti v. Mitchell,* 962 F.2d 288, 296 (3d Cir.1992) (stating that "[w]e reject ... [plaintiff's] argument that since they never raised, and the ... [state court] never considered, their ... [constitutional] challenges, *Rooker–Feldman* cannot bar them from pursuing these claims in federal court."). Therefore, any federal action in which the requested relief would reverse or nullify the ruling of a state court is barred under the *Rooker–Feldman* doctrine.

Travis fails to establish federal subject matter jurisdiction. Travis claims' are inextricably intertwined with the decisions of the Court of Common Pleas and the Superior Court of Pennsylvania. The federal relief sought by Travis under 42 U.S.C. § 1983, § 1985(2), (3), and § 1986 can only be predicated upon a conviction that the Court of Common Pleas and the Superior Court were wrong when they concluded that the unavailability and alleged falsification of Travis' transcripts were not valid and would not be material to the outcome this case or the issues raised by Travis. Therefore, Travis' federal claims against the Judicial Defendants, the ADA defendants, the Court defendants, the Reporter Defendants and Gerald Alston are dismissed for lack of subject matter jurisdiction under the *Rooker–Feldman* doctrine.

Because of the absence of any supportable federal claims, I decline to exercise jurisdiction over any of Travis' state law claims, including his claims for intentional infliction of emotional distress, malicious abuse of process, and false imprisonment. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 728–29, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### *ORDER*

**AND NOW,** this 30th day of September 2002, I **GRANT** the motions of the Judicial Defendants (Docket Entry # 26), to **DISMISS WITH PREJUDICE** Travis' claims for money damages. I also **GRANT** the motions of the Judicial Defendants (Docket Entries # 26 and # 49), the ADA Defendants (Docket Entry # 25), the Court Defendants (Docket Entry # 31), Janet Fasy Dowds (Docket Entry # 26) to **DISMISS WITH PREJUDICE** Travis' federal claims for lack of subject matter jurisdiction. Furthermore, on its own initiative the court **DISMISSES WITH PREJUDICE** Travis' federal claims against Leon O. Dark, Jay Pensak, and Gerald Alston for lack of subject matter jurisdiction. Travis' State law claims are remanded to the State court and must be filed within thirty days of the date of this order of dismissal. 28 U.S.C. § 1367(d).

---

Justice Marshall's concurrence in *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987), explained that: [A]s a first step ... the federal claim is inextricably intertwined with the state-court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state court judgment. *Centifanti,* 865 F.2d at 1430 (quoting *Pennzoil Co.,* 481 U.S. at 25, 107 S.Ct. 1519 (Marshall, J., concurring)).